JON M. SANDS
Federal Public Defender
TIMOTHY DAVIS ROGERS #025722
Assistant Federal Public Defender
407 W. Congress St., Ste. 501
Tucson, Arizona 85701
(520) 879-7500
Timothy_rogers@fd.org
*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR23-01721-TUC-RCC-AMM |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| Saul Arvizu-Montijo, | |
| Defendant. | |

Defendant Saul Arvizu-Montijo, by and through counsel, respectfully provides the Court with the attached Sentencing Memorandum. This Memorandum is offered pursuant to 18 § U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).

RESPECTFULLY SUBMITTED this 21st day of May, 2025

JON M. SANDS
Federal Public Defender

*s/Timothy D. Rogers*
TIMOTHY D. ROGERS
Assistant Federal Public Defender

## SENTENCING MEMORANDUM

### I.    Introduction

On May 27, 2025, Saul Arvizu-Montijo will appear before this Court for sentencing as he pled guilty to the Court on June 12, 2024, to smuggling goods from the United States and felony receipt of a firearm, which occurred in October 2023.

Saul has never been convicted or even charged with a criminal offense before. As such, he falls into Criminal History Category I. Despite his involvement in this case, caused by his desperate financial situation and brief association with exploitive acquaintances, Saul has otherwise lived an exemplary life working hard, and caring and helping provide for others.

The sentencing recommendation contained in the Pre-sentence Investigation Report would not accurately achieve all the goals of sentencing laid out in 18 U.S.C. §3553. "Evidence-based research on recidivism suggests that a non-custodial sentence would better serve both justice and public safety in this case. Incarceration would disrupt the very protective factors (employment, housing, and family bonds) that minimize his risk of reoffending. With appropriate supervision and community-based intervention, Saul presents as an ideal candidate for a rehabilitative rather than punitive approach." (*See* Exh. A).

Saul respectfully requests that this Court vary downward and impose a non-custodial sentence of probation or time-served with a term of supervised release.

///

///

2

## II.    18 U.S.C. §3553(a) Factors

### 1.    Background and history leading to the commission of this offense.

Since immigrating to the United States at age 15, and eventually becoming a United States Citizen, Saul has worked hard to gain an education and achieve a stable work history for many years. Additionally, he has always helped care and provide for his parents in Mexico as well as assisting his sister and brother-in-law with housing and childcare. He can also often be found serving the community.

Despite working two jobs, Saul found himself trapped in a difficult situation in making ends meet as well as helping provide for family. In this desperate situation, Saul was exploited by a co-worker to make a decision contrary to his better judgement. The decision to agree to take guns and ammunition into Mexico from the United States was something uncharacteristic of who Saul is and has been his whole adult life, as shown by the pattern of responsible decision-making he has demonstrated otherwise. Regardless of the reasons and motivations for his temporary lapse in judgement, Saul takes full responsibility for his actions.

### 2.    A sentence of probation or time served with a term of supervised release in this case is consistent with the various goals of sentencing under section 3553(a).

Saul was released to Pretrial Services on October 10, 2023. He has done outstanding while on supervision as he has continued to work two jobs, care and provide for his parents in Mexico, and assist his sister and her family with housing and childcare. Saul owns the home where he and his

sister and family live. Moreover, Saul frequently volunteers serving the community.

Both Saul's parents depend on him. Saul's father suffers from diabetes and high blood pressure. He also suffers from chronic arthritis, for which he has had several surgeries. Both of his hips and knees have been replaced, which makes getting around very difficult. He also has had vascular surgery and potentially will have to undergo bladder surgery due to bladder diverticula, which has caused repeated urinary tract infections. He suffers from chronic obstructive uropathy. (*See* Exh. B).

Saul's mother has suffered from chronic urinary problems, diabetes, high blood pressure, deforming rheumatoid arthritis, and hypercholesterolemia. She recently fractured her leg and was in a cast and wheelchair bound for a time. (*See* Exh. C).

Saul understands the grave nature of the crimes he has committed. He understands that the Court must impose punishment. However, incarceration would only serve to achieve the goal of punishment and do nothing to achieve the other, equally important goals of sentencing.

Saul is at a low risk of reoffending, if one applies the evidence-based Federal Post-Conviction Risk Assessment (PCRA). (*See* Exh. A, pg. 4). As such, incarceration would add nothing to achieve the goal of protecting the public from future crime because Saul will not do so. A non-custodial sentence will do more to achieve the goals of sentencing because Saul understands his temporary lapse in judgement and the seriousness of his actions, and he is committed to continuing to live a crime-free lifestyle.

4

With exception of the temporary, albeit significant, lapse in judgement, Saul has demonstrated throughout his entire adult life, but more particularly over the last 19 months he has been supervised by Pretrial Services, that he has respect for the law and can and will abide by any post-conviction conditions the Court would choose to impose upon him.

A non-custodial sentence will also allow Saul to continue to care and provide for his parents and assist his sister and her family by not disrupting his employment, housing, and prosocial relationships and activities. If a custodial sentence is imposed, Saul would lose his jobs because his employers would need to find others to fill the significant roles he performs in their respective businesses.

Additionally, Saul would likely lose his house as his sister and her husband would not be able to cover all the living expenses without his income. His sister, her husband, and their two small children would have to find another place to live. They would also have the added expense of finding childcare since Saul helps them take care of their twins.

Recently, in 4:23-cr-01411-AMM-BGM, Defendant Manuel Puig was sentenced to four years of probation after having committed Attempted Smuggling of Goods from the United States, Aiding and Abetting, and Possession of Ammunition by a Convicted Felon. Mr. Puig had been previously convicted of a felony. And in the matter for which he was recently sentenced, when agents at the border attempted to stop him, he accelerated his vehicle trying to get across the border causing agents to draw their weapons on him.

Additionally, in 4:22-cr-02554-JGZ-LCK, Defendant Christopher Heredia was sentenced to time served with a four-year term of supervised release. Mr. Heredia also committed Smuggling Goods from the United States.

Imposing a non-custodial sentence in Saul's case would also achieve the goal of avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### 3. Saul has taken responsibility for his actions and has demonstrated living a crime-free lifestyle.

Upon his arrest, Saul confessed his involvement in this crime to law enforcement agents. He also accepted responsibility by pleading guilty to the Court. He understands he must be sentenced according to the law but respectfully requests that he be given a non-custodial sentencing so he can show the Court, his family, and the public that he can and will continue to abide by the law.

### III.    Conclusion

Saul respectfully requests that this Court impose a sentence of probation, or in the alternative, time-served with a term of supervised release. For the reasons stated above, a non-custodial sentence would be sufficient, but not greater than necessary to achieve the goals of sentencing. Saul has demonstrated that he can be successful on supervision and would be deeply grateful for an opportunity to remain in and continue to contribute to the community while continuing to care and provide for his family.

///

///

6

RESPECTFULLY SUBMITTED this 21th day of May, 2025

JON M. SANDS
Federal Public Defender

s/Timothy D. Rogers
TIMOTHY D. ROGERS
Assistant Federal Public Defender